UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARK A. BLANKENSHIP | ) | CASE NO. 17-32785(1)(7) |
| | ) | |
| Debtor(s) | ) | |

### MEMORANDUM-OPINION

This matter is before the Court on the two Motions of Debtor Mark A. Blankenship ("Debtor") to Avoid Liens on Real Estate. The Court reviewed the Debtor's Motions, the Objections to the Debtor's Motions filed by Kimberly Hunt and Lisa Ensey ("Hunt" and "Ensey"), and the comments of counsel for the Debtor and Hunt and Ensey at the hearing held on the matter. For the following reasons, the Court will deny both Motions to Avoid Liens.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 30, 2017, Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. On Schedule D; Creditors Who Have Claims Secured By Property, Debtor listed Kimberly Hunt as a creditor with a secured claim of $2,500,000. The claim is described as a judgment lien owed by the Debtor and is secured by real estate described as 163 Beechnut Court, Shepherdsville, Kentucky 40165.

Schedule D also lists Lisa Ensey as a creditor with a secured claim of $1,500,000. The claim is described as a judgment lien owed by the Debtor and secured by the same piece of real estate as the claim securing the judgment lien of Hunt.

On November 27, 2017, Hunt and Ensey filed a Motion to Remove Lisa Ensey and Kimberly Hunt as Creditors in this Case. Hunt and Ensey stated in their Motion that neither are Creditors of

the Debtor and that the Judgment referenced in Schedule D is actually a Judgment solely against Debtor's wife, who is not a Debtor in this case.

On December 19, 2017, the Court held a hearing on the Motion to Remove Ensey and Hunt as Creditors from Debtor's Petition. Counsel for Ensey and Hunt indicated at that hearing that counsel for the Debtor had told him that Ensey and Hunt had been listed as Creditors inadvertently on the Petition and that Debtor would remove them as Creditors from the Petition. Therefore, the Court remanded and terminated the hearing on Ensey and Hunt's Motion from its docket.

On December 19, 2017, Debtor filed a Motion to Avoid the Lien of Kimberly Hunt and a Motion to Avoid the Lien of Lisa Ensey stating that Ensey and Hunt were Creditors of the Debtor's wife and that the two Judgment liens were filed against property located at 163 Beechnut Court, Shepherdsville, Kentucky 40165, that the Deed to that property is solely in Debtor's name and that the Judgment liens impair his exemption in the property.

On January 17, 2018, Ensey and Hunt each filed Renewed Objections to the Debtor's Motions to Avoid their Judgment liens. In their Renewed Objections, Ensey and Hunt again stated that Debtor does not owe any debt to either of them and that the Judgment liens referenced in the Motions to Avoid the Liens were obtained by Ensey and Hunt and are solely against the Debtor's wife, Carrie Blankenship. Contrary to Debtor's assertion in the Motion to Avoid the Judgment liens that he is the sole owner of the real estate to which the Judgment liens attach, Ensey and Hunt assert that at the time the Judgment liens were obtained, the real estate was owned jointly by Debtor and his wife, but the title to the property was later changed to reflect Debtor as the sole owner.

## **LEGAL ANALYSIS**

The Debtor herein seeks an Order avoiding two Judgment liens on his real estate which are the result of Judgments obtained by Hunt and Ensey against Debtor's wife, Carrie Blankenship. Carrie Blankenship is not a Debtor in this case. At one time the real property to which the Judgment liens were filed against was owned jointly by the Debtor and his wife. Subsequently, Debtor had the real estate transferred into his name alone.

A debtor may avoid a judicial lien under 11 U.S.C. § 522(f), which impairs a debtor's exemption in the property to the extent the lien impairs an exemption that the debtor would have been entitled to under 11 U.S.C. § 522(b). The statute states in pertinent part,

> . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such a lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is . . .
>
> (A) a judicial lien with . . .

In this case, the liens that Debtor seeks to avoid do not affix to an interest of the Debtor in property. The liens at issue are not impairing the Debtor's exemptions because the Judgments were not obtained against the Debtor.

The Debtor claims that the Judgment liens at issue are a cloud on the title to the property. Although not specifically articulated by the Debtor in his Motions to Avoid Liens, the Court assumes that Debtor is referring to Carrie Blankenship's dower interest in the real estate. To the extent Debtor seeks to avoid the liens on the interest of his non-debtor spouse, this is an impermissible use of 11 U.S.C. § 522(f).

Ensey and Hunt's counsel filed a motion to remove his clients' names from Debtor's Petition because his clients were not creditors of the Debtor and did not have judgments against the Debtor.

Debtor's counsel represented that they were mistakenly listed as creditors and that an amendment would be filed to remove them as Creditors. Based on these representations, the Court remanded Ensey and Hunt's Motions and terminated the hearing. Instead of filing the amendment, Debtor filed the two Motions to Avoid the Judgment Liens currently before the Court. Because Ensey and Hunt are not Creditors of the Debtor, the liens do not attach to Debtor's interest in the property and there is no impairment of Debtor's exemptions. Accordingly, the Debtor's Motions to Avoid the Judgment Liens of Lisa Ensey and Kimberly Hunt must be **DENIED**.

## CONCLUSION

For all of the above reasons, the Motions of the Debtor to Avoid the Judgment Liens of Lisa Ensey and Kimberly Hunt must be **DENIED**. An Order accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 14, 2018

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARK A. BLANKENSHIP | ) | CASE NO. 17-32785(1)(7) |
| | ) | |
| Debtor(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motions of Debtor Mark A. Blankenship to Avoid the Judgment Liens of Kimberly Hunt and Lisa Ensey on the Debtor's real estate, be and hereby are, **DENIED**.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 14, 2018